77 F.3d 491
 5 A.D. Cases 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph J. VOYTEK, Plaintiff-Appellant,
v.
UNIVERSITY OF CALIFORNIA; Board of Regents of University of
California, Defendants-Appellees.
 No. 94-16673.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1996.
Decided Feb. 14, 1996.
 
 Before: LAY,* CHOY and PREGERSON, Circuit Judges.
 
 ORDER
 
 1
 This action was brought by Joseph Voytek against the University of California and the Regents of the University of California under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., alleging employment discrimination due to Voytek's mental disability.
 
 
 2
 The defendants filed a motion for summary judgment on two grounds: (1) that the ADA claim is barred because Voytek's claim arose before the effective date of the ADA, July 26, 1992; and (2) that the plaintiff has failed to establish a prima facie case under section 504 of the Rehabilitation Act. The district court, the Honorable Eugene F. Lynch, presiding, granted summary judgment as to both claims. We affirm.
 
 
 3
 We need only to address whether the district court was correct in granting summary judgment on the basis Voytek has not established a prima facie case of disability discrimination. It is conceded the elements of the ADA are identical to the requirements of proof under section 504 of the Rehabilitation Act. The district court found it was undisputed that Voytek was not "otherwise qualified" for his position as associate director for program planning and resources in the Department of Environmental Health and Safety. The district court also found it was undisputed that the plaintiff was not discharged solely by reason of what the plaintiff claims to be his handicap but because of his inability to work with his supervisor.
 
 
 4
 The fundamental issue is whether the University afforded reasonable accommodations to Voytek because he could not carry out his duties as associate director due to his inability to the handle the stress of a management-level position. The district court found the University fulfilled its duty to accommodate the plaintiff by offering him a comparable position, with comparable but reduced responsibilities at a reduced salary, and by providing the rehabilitation training available under the University's policies. The plaintiff also did not introduce specific facts about the requirements of any other positions, or about his qualifications for those positions. The court found that under the circumstances of this case, the University's rehabilitation counseling reasonably accommodated Voytek as a matter of law.
 
 
 5
 Upon review of the overall record of the district court's detailed opinion, we affirm the district court's grant of summary judgment for the defendants.
 
 
 6
 IT IS SO ORDERED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation